IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NORMAN MEDLEY,

Petitioner,

v.

WENDY ROAL,

Respondent.                                           No. 12 - CV - 00647 DRH

## ORDER

**HERNDON, Chief Judge:**

Norman Medley, currently incarcerated at USP-Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement (Doc. 1). Petitioner was convicted in the United States District Court for the Eastern District of Missouri of being a felon in possession of a firearm, and his sentence was enhanced as an armed career criminal. *See* 18 U.S.C. § 922(g)(1), 924(e). In January 2008, he was sentenced to 188 months in prison.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

**BACKGROUND**

Petitioner previously filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. It was denied both on the merits and because he had waived the

right to bring such a motion in his plea agreement. *See Medley v. United States*, No. 1:09CV15 HEA, 2010 WL 1528331 (E.D. Mo. 2010).

Petitioner's sentence was originally enhanced under the Armed Career Criminal Act ("ACCA") with three prior convictions: (1) distribution of a controlled substance, (2) felonious restraint, and (3) tampering with a motor vehicle. After he was sentenced, however, the Eighth Circuit Court of Appeals held that tampering with a motor vehicle is not a violent felony under the ACCA. *See United States v. Williams*, 537 F.3d 969, 974–75 (8th Cir. 2008). So petitioner wrote a letter to the district court, which the court construed as a motion to reduce his sentence under 18 U.S.C. § 3582. A probation officer sent the court a letter in response to petitioner's motion (Doc. 1, Ex. 3, pp. 1–2). The letter acknowledged that tampering with a motor vehicle was no longer a crime of violence, but advised that petitioner still had at least three prior violent felonies or serious drug offenses. In particular, he had a prior conviction for possession of a controlled substance with intent to distribute. The court denied petitioner's motion, though it did so in a brief text order that did not actually say why (Doc. 1, Ex. 4, p. 2). No new judgment was entered.

Petitioner filed a motion for permission to file a second or successive § 2255 motion. In it, he argued that the tampering conviction should not have been used to enhance his sentence and that his two prior drug convictions should have been treated as only one conviction. His motion was summarily denied by the Eighth Circuit. *See Medley v. United States*, Case No. 11-3764 (8th Cir. Jan. 19, 2012).

### DISCUSSION

Petitioner now brings six grounds for relief, all fundamentally based on the "new" prior conviction for possession with intent to distribute.

In Ground 1, petitioner notes that he was given concurrent six-year sentences for the distribution and possession-with-intent-to-distribute convictions, and that both convictions arose from the same investigation and were on the same docket (Case No. 393-

186 FX). And, even though he was given three criminal-history points for distribution, he was not given any points for possession with intent. Petitioner therefore concludes that the court did not *intend* to use those two drug convictions separately when it originally sentenced him; it was only after the Eighth Circuit issued its ruling that the court decided to separate the conviction for possession with intent to distribute and use it as a prior felony under the ACCA—as petitioner puts it, "The prosecution cannot say okay, tampering is not a violent felony, so we are now going to separate your drug convictions and make them two predicate offenses so that we can keep an individual as an armed career criminal … " (Doc. 1, p. 8).

In Grounds 2–6, petitioner argues that the sentence imposed on him is in excess of the maximum authorized by law, given that tampering is no longer a crime of violence. He alleges ineffective assistance of counsel because his attorney at sentencing did not object to the prior convictions and because his trial attorney did not investigate or object to them either.[1] He claims prosecutorial misconduct because the U.S. Attorney used the prior conviction for tampering in calculating petitioner's guideline range, then later "split up a drug charge" that was part of one sentence to maintain petitioner's status as an armed career criminal. And he asserts that the U.S. attorney and the probation officer misled the district court when they wrote that petitioner had the two prior drug convictions.

In general, a motion under § 2255 is the exclusive means for a federal prisoner to attack his conviction or sentence. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003) (per curiam). However, a federal prisoner may bring a § 2241 petition if he can show that the § 2255 remedy "is inadequate or ineffective to test the legality of his detention." *Unthank v. Jett*, 549 F.3d 534, 535 (7th Cir. 2008) (quoting § 2255(e)).

"A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of

---

[1] Petitioner also alleges that his attorney lied and misled him about his plea agreement, but he already raised this issue in his first § 2255 motion. *See Medley*, 2010 WL 1528331, at *1 ("At no time did Movant voice any dissatisfaction of any kind with defense counsel, nor did he raise any questions with respect to any of the terms of the plea agreement.").

so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). "A federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *Id.*

Here, petitioner cannot show that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. He could have been brought his claim in a direct appeal or § 2255 motion. Petitioner's fundamental claim is that the district court replaced his tampering conviction with possession of a controlled substance with intent to distribute. If that was an error, it was a sentencing error, and sentencing errors are generally not cognizable on collateral review, especially when they can be raised on appeal. *See Scott v. United States*, 997 F.2d 340, 342–43 (7th Cir. 1993). Petitioner could have appealed the denial of his § 3582 motion. *See Hill v. Werlinger*, --- F.3d ----, No. 11–1533, 2012 WL 3573364, at *4 (7th Cir. Aug. 21, 2012) (finding § 2255 remedy was not inadequate or ineffective where the petitioner could have presented his claim on direct appeal or in a § 2255 motion).

Moreover, a second § 2255 motion "attacking for the first time the constitutionality of a newly imposed sentence is not a second or successive petition within the meaning of § 2244." *Walker v. Roth*, 133 F.3d 454, 455 (7th Cir. 1997); *accord Hawkins v. United States*, 415 F.3d 738, 740 (7th Cir. 2005) (conspiracy conviction vacated on direct review was not the subject of the first collateral attack; therefore the restriction on second or successive motions did not apply when the conspiracy conviction was later reimposed). Accordingly, a second § 2255 motion here attacking for the first time the newly imposed sentence—with the conviction for possession with intent to distribute—would not be a second or successive motion. So again § 2255 is not inadequate or ineffective to test the legality of petitioner's conviction.

And finally, "inadequate or ineffective" in this context means the legal theory advanced "establishes the petitioner's actual innocence." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir.2002); *see also In re Davenport*, 147 F.3d at 608. But petitioner's legal theory is not that he is actually innocent of possession with intent to distribute. He admits to that conviction, only arguing that it should be treated as a single conviction with his conviction for distribution. This is not a case where a subsequent reinterpretation of a statute by the Supreme Court shows that the petitioner "did not commit the crime." *See Unthank*, 549 F.3d at 536. The Court therefore finds that 28 U.S.C. § 2241 is not an available remedy for petitioner's claims.

**DISPOSITION**

For the foregoing reasons, this action is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to enter judgment accordingly.

The Court notes that petitioner has not yet paid the $5 filing fee for initiating this action. His obligation to pay it was incurred at the time the action was filed, thus the filing fee of $5.00 remains due and payable regardless of the dismissal of this case. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). **IT IS ORDERED** that petitioner shall either pay the full filing fee of $5.00 for this action or file a motion to proceed *in forma pauperis* **within 35 days** from the date of this Order. Payment of the $5.00 filing fee shall be sent to: United States District Court, Clerk's Office, 750 Missouri Avenue, P.O. Box 249, East St. Louis, Illinois, 62201. At the time payment is made, petitioner's name and the case number assigned to this action shall be clearly identified.

**IT IS SO ORDERED.**

Signed this 13th day of September, 2012.

David R. Herndon
2012.09.13
06:03:41 -05'00'

**Chief Judge
United States District Court**